UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL PARKER,

        Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

        Defendant.
_____/

CASE NO. 04-60092

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Postmaster General's Motion for Summary Judgment (Doc. # 18). The Court heard oral argument on October 5, 2005. At the conclusion of the hearing, the Court took the matter under advisement. For the reasons that follow, the Court GRANTS Defendant's Motion for Summary Judgment.

**I. FACTS**

Plaintiff, Crystal Parker, filed this action alleging Defendant discriminated against her based upon her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Her claim arises out of a restructuring of the approximately twenty rural routes serviced by the Rochester Michigan Post Office.

Parker began working as a Rural Carrier Associate ("RCA") at the Rochester Michigan Post Office in December 2000. A RCA is not a full-time employee. The other rural routes were serviced by full-time, career employees. When an auxiliary route, such as the one Plaintiff was servicing, reaches a benchmark of thirty-nine hours it

1

normally is converted to a regular route.  At that time any eligible employee may bid on the route.  Plaintiff's claim of discrimination is based upon the failure to convert the auxiliary route to a full-time route.

It is undisputed that the route had surpassed the benchmark shortly after Plaintiff began working.   Rather than converting the route at that time, Defendant decided to engage in a comprehensive analysis and restructuring of all of the rural routes in the Rochester area.  According to David Trakal, Plaintiff's supervisor, the restructuring process was instigated because a full-time Rural Carrier, an African-American male, had an overburdened route, and delivery took too much time.  Trakul, whose previous supervisory experience was with city routes, contacted the Postal Service's District Office and requested assistance in restructuring the rural routes.  David Rice was sent by the District office to assist Trakul.  The process took a number of months, and upon completion, nearly all of the rural routes in the Rochester area were altered.  The restructuring resulted in the auxiliary route, serviced by Plaintiff, becoming less burdened.  Therefore, it was not converted to a full-time route.

Plaintiff's union subsequently brought a grievance on her behalf, claiming that the auxiliary route should have been converted to a full-time route in December 2000.  The grievance was settled.  Plaintiff filed her Complaint on May 14, 2004, alleging race discrimination and retaliation.[1]

## II. LEGAL STANDARD

---

[1] Although Plaintiff's Complaint alleges other claims, based upon equal protection and intentional infliction of emotional distress, Plaintiff conceded in her response that her claims all rested on Title VII.

Pursuant to Fed. R. Civ. Proc. 56(c), a motion for summary judgment is to be granted only if the evidence indicates that no genuine issue of material fact exists. To avoid summary judgment, the opposing party must have set out sufficient evidence in the record to allow a reasonable jury to find for him at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

The sufficiency of the evidence is to be tested against the substantive standard of proof that would control at trial. Anderson, 477 U.S. 242. The moving party has the burden of showing that there is an absence of evidence to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. In disposing of a motion for summary judgment, this Court must consider the evidence in the light most favorable to the nonmoving party, but may weigh competing inferences for their persuasiveness. Matsushita, 475 U.S. at 574.

### III. ANALYSIS

#### A. Race discrimination claim

Title VII prohibits an employer from discriminating against an employee because of the employee's race. To establish a Title VII employment discrimination claim, a plaintiff must either present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment. Johnson v. Univ. of Cincinnati, 215 F.3d 561, 572 (6th Cir. 2000) (setting forth the requirements for a racial discrimination claim). A plaintiff that does not advance any direct evidence of discrimination may pursue his claim under the three-step framework established in

McDonnell Douglas v. Green, 411 U.S. 792 (1973).

For purposes of this motion, Defendant concedes that Plaintiff has established a prima facie case--that is that Plaintiff is (1) a member of a protected class; (2) she suffered an adverse employment action; and (3) similarly situated nonprotected employees were treated more favorably.  See McDonnell Douglas at 802; Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 928 (6th Cir. 1999). Consequently, the burden shifts to Defendant to articulate a legitimate nondiscriminatory reason for its actions.  McDonnell Douglas, 411 U.S. at 802.  The Court finds that, as a matter of law, Defendant has met his burden.

According to Defendant, the reason the route was not converted to full-time was because after all rural routes were restructured, the route was less than 29 hours. Accordingly, in responding to Defendant's motion for summary judgment, it is incumbent upon Plaintiff to demonstrate that the reason offered by the defendant is pretextual. Id. Specifically, Plaintiff may show that the proffered reason has no basis in fact; did not actually motivate Defendant's conduct, or was insufficient to warrant the challenged conduct.  See Dews v. A.B. Dick, Co., 231 F.3d 1016, 1021 (6th Cir. 2000)(citation omitted).  The ultimate burden of persuading the trier of fact that the employer intentionally discriminated against her remains on Plaintiff.  See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

Here, Plaintiff has failed to meet her burden to produce any evidence rebutting Defendant's articulated reason. Her response rests on her unsupported conclusion that Trakal was not honest in his deposition testimony.  First, Plaintiff attempts to undermine Trakul's credibility as to why the restructuring occurred by challenging his inability to recall

4

the answers to other questions asked of him during his deposition.   Next, Plaintiff asserts that Trakul's credibility must be assessed by the trier of fact.  She claims she will call numerous witnesses at trial, who will give testimony that contradicts the testimony of Trakul.  See Pl.'s Brief at 2.

Plaintiff's unsupported challenge of the veracity of Trakul's deposition testimony does not create a genuine issue of material fact.  Under Rule 56, Plaintiff may not rest on mere allegations or denials of Defendant's pleadings; she must respond by affidavit or as otherwise provided in the Rule.  Nevertheless, Plaintiff has presented no evidence to show that the restructuring of the rural routes was merely a pretext designed to deny her a full-time position.  She has presented no evidence to dispute that Rice, not Trakul, made the decision.  She has presented no evidence that Rice knew she was African American.  She has not disputed Defendant's explanation that an African-American Rural Carrier was overburden, and the routes needed restructuring.  In sum, her response fails to satisfy the criteria articulated in Dews.

Finally, Plaintiff attacks Defendant's failure to advance additional support for Trakul's explanation.  Specifically, Defendant's pleadings did not include a statement by Dave Rice and did not include documentary evidence to substantiate Trakul's explanation.  Plaintiff, therefore, concludes that Defendant's request is "premature."  Id. at 3.

Plaintiff does not raise a genuine issue of material fact by projecting her burden onto Defendant.  Defendant is not required to submit to the Court all of its evidence to succeed on summary judgment.  Trakul's deposition testimony is not disputed.  It is sufficient, standing alone, to support summary judgment on Plaintiff's claim of race discrimination.

**B.  Retaliation claim**

In Count III of her Complaint, Plaintiff alleges that Defendant knew that her route was

overburdened, but nevertheless required her to complete it in 40 hours or be fired. According to Plaintiff, she was subjected to this treatment in retaliation for her "grievances with the post office and later the EEOC." Compl. at ¶ 51.

The Sixth Circuit uses the burden-shifting analysis of McDonnell Douglas v. Green, 411 U.S. 792 (1973), when analyzing indirect evidence of retaliation. Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 315 (6th Cir. 2001). See, also, Canitia v. Yellow Freight Sys., 903 F.2d 1064, 1066 (6th Cir. 1990)("The same burden-shifting paradigm applicable to circumstantial cases of employment discrimination governs circumstantial cases of unlawful retaliation."), cert. denied, 498 U.S. 984 (1990); Summerfield v. Esco Co. Ltd P'ship, 52 F.Supp.2d 804 (W.D. Mich. 1999); Stubl v. T.A. Sys. Inc., 984 F.Supp. 1075 (E.D. Mich. 1997). Thus, the plaintiff must show that she engaged in protected activity; that the defendant took adverse employment action against her; and that there was a causal connection between the protected activity and the adverse employment action. Skrjanc, 272 F.3d at 815.

Neither Plaintiff's Complaint nor her response to Defendant's motion articulated any facts to support her claim of retaliation. Plaintiff asserts that she continued to service the auxiliary route despite the length of time it took to complete delivery. The conduct about which she complains occurred before she engaged in any "protected activity." There is no evidence before this Court suggesting that Plaintiff filed a complaint with the EEOC during the relevant time frame, or that any of Defendant's employees knew about EEOC activity prior to the restructuring of the routes. Although Plaintiff contends that she was almost fired in November 2001, she in fact was not fired, and subsequently was awarded a full-time route. Therefore, Plaintiff has failed to show she suffered an adverse employment action. Further, Plaintiff has advanced no evidence suggesting that the postal employee involved in

the attempted firing had any knowledge of "protected activity." Consequently, Plaintiff has failed to advance any evidence of a causal connection. Accordingly, the Court finds her retaliation claim fails as a matter of law.

## IV. CONCLUSION

Plaintiff has failed to meet her burden in responding to Defendant's motion. The facts do not, as a matter of law, satisfy Plaintiff's burden to show Defendant's articulated reason for reorganizing the rural routes was a mere pretext to target her because of her race. In addition, the Court finds Plaintiff has failed to produce any evidence in support of her retaliation claim. For these reasons, Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED in its entirety.

                                          s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

Dated: October 14, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Paul Woods, Jr. And Robert T. Grueneberg on this date by ordinary mail and/or electronic filing.

                                          s/Bernadette M. Thebolt
                                          Deputy Clerk